UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAUREL BARRETT, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:14-CV-3389-B |
| BANK OF AMERICA, N.A., *et al.*, | § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Banc of America Alternative Loan Trust 2005-10, Mortgage Pass-Through Certificates, Series 2005-10 ("Wells Fargo"), and Nationstar Mortgage, LLC's ("Nationstar") (collectively, "Defendants") Motion to Dismiss Plaintiff Laurel Barrett's ("Plaintiff") Amended Corrective Petition for Declaratory Judgment and Quiet Title (the "Complaint"), filed September 26, 2014 (doc. 5). For the reasons that follow, Defendants' Motion is **GRANTED in part** and **DENIED in part**.

I.

BACKGROUND

This action is an attempt by Plaintiff, who is proceeding pro se, to avoid foreclosure of her condominium, which is located at 2205 Canton Street #111, Dallas, Texas 75201. Compl. ¶ 7. On September 1, 2005, in order to purchase the condominium, Plaintiff executed and delivered a Note in the amount of $300,000.00 in favor of Bank of America, N.A. ("BOA"), which was secured by a Deed of Trust in the condominium. Compl. ¶ 11, Ex. B – Deed of Trust; doc. 6, Appendix in

Support of Defendants' Mot. to Dismiss, Ex. A – Note. The Deed of Trust was subsequently assigned to Wells Fargo on or about October 28, 2005, and pooled with other mortgages into a secured trust. Compl. ¶¶ 20–25.

In her Complaint, Plaintiff requests that the Court declare the Note and Deed of Trust void and/or quiet title in the subject property in Plaintiff's name on the grounds that the Note and Deed of Trust have been improperly severed, the alleged securitization is improper under the relevant trust documents, and she is entitled to inspect the original "wet ink" note. Doc. 1-6, Compl. ¶¶ 21–25, 27–33, 39, 48–50. She also asserts claims against Defendants for breach of contract, misrepresentation, and violations of section 1641 of the Truth In Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq. Id.* ¶¶ 20, 26, 35–40, 41–47. On September 26, 2014, Defendants moved to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Plaintiff failed to state a claim upon which relief can be granted. Doc. 5, Motion to Dismiss. This motion is now ripe for the Court's review.

## II.

## LEGAL STANDARD

The Court reviews Defendants' Motion to Dismiss under Rules 8(a)(a)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. According to Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes the court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.

2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). The court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and alterations omitted).

### III.

### ANALYSIS

Applying the above-standard to each of Plaintiff's claims for relief, and as explained in detail below, the Court concludes that Plaintiff has failed to state a claim upon which relief can be granted and that her Complaint must be dismissed accordingly.

A. *Plaintiff's Claim for Declaratory Relief and/or to Quiet Title*

The Court first considers Plaintiff's claim for a declaratory judgment and/or to quiet title. As discussed above, Plaintiff requests that the Court issue a judgment declaring the Note and Deed of

Trust void and/or quieting title in Plaintiff's name on the grounds that the Note and Deed of Trust have been improperly severed, the alleged securitization is improper under the relevant trust documents,[1] and she is entitled to inspect the original "wet ink" note.[2] Compl. ¶¶ 21–25, 27–33, 39, 48–50. In moving to dismiss Plaintiff's claim for declaratory relief (and by implication, her claim to quiet title), Defendants argue that Plaintiff cannot show, as a matter of law, that the Note or Deed of Trust are void or invalid because Plaintiff's "split-the-note" and "show-me-the-note" theories have been repeatedly rejected by the Fifth Circuit, and because Plaintiff lacks standing to challenge the securitization process. Mot. to Dismiss 4–6.

A suit to quiet title is an equitable action to clear a "clouded" title. *Metcalf v. Deutsche Bank Nat'l Trust Co.*, No. 3:11-CV-3014-D, 2012 WL 2399369, at *6 (N.D. Tex. June 26, 2012). Title to property is "clouded" when a party has an invalid claim to the property that serves to diminish the property's value. *See generally Bell v. Bank of Am. Home Loan Servicing LP*, 4:11-CV-02085, 2012 WL 568755, at *6–7 (S.D. Tex. Feb. 21, 2012). In order to quiet title, the plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference." *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000); *see also Fricks v. Hancock*, S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001) ("[A] plaintiff in a suit to recover title must prove and recover on the strength of his

---

[1] Specifically, and without further elaboration, Plaintiff alleges that "the Deed of Trust was placed in the trust after expiration of the trust, or in other words, after the trust was closed." Compl. ¶ 39.

[2] Plaintiffs also suggests that the Note and Deed of Trust are void because Defendants violated the Uniform Electronic Transactions Act ("UETA") by failing to register the transfer of Plaintiff's mortgage with the Dallas County Clerk's office. Compl. ¶ 23. However, because Plaintiff has failed to cite to a specific provision of the UETA obligating Defendants to register the mortgage transfer, the Court cannot conclude that Defendants' failure to register the mortgage transfer voided the Note and Deed of Trust.

own title, not on the weakness of his adversaries title."). Where the plaintiff is attempting to recover title from a mortgagee who took title pursuant to a foreclosure sale, this requires plaintiff to establish both that the foreclosure was void or invalid and that he or she tendered the full amount due on the mortgage loan. *See Willoughby v. Jones*, 251 S.W.2d 508, 510 (Tex. 1952); *see also Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.) ("Texas courts have held that tender of whatever sum is owed on the mortgage debt is a condition precedent to the mortgagor's recovery of title from a mortgagee who is in possession of the property and claims title under a void foreclosure sale.").

In this case, the Court agrees with Defendants that Plaintiff is not entitled to a declaratory judgment or an order quieting title in the subject property because Plaintiff cannot show, as a matter of law, that the Note and Deed of Trust are void or invalid. *See Willoughby*, 251 S.W.2d at 510. Plaintiff's allegation that the Note and Deed of Trust have been impermissibly split, for example, is wholly without merit and has been repeatedly rejected by the Fifth Circuit. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 253–56 (5th Cir. 2013) (holding that the split-the-note theory is "inapplicable under Texas law where the foreclosing party is a mortgage servicer and the mortgage has been properly assigned"); *Casterline v. OneWest Bank, F.S.B.*, 537 F. App'x 314, 316 (5th Cir. July 3, 2013) (per curiam) (reaffirming that the split-the-note theory has no "merit under Texas law")). Accordingly, the Note and Deed of Trust are not void as a result of any alleged split.

Likewise, the Fifth Circuit has found that a borrower is not entitled to review a "wet ink" version of the Note under Texas law. *Martins*, 722 F.3d at 253–54 ("The original, signed note need not be produced in order to foreclose."). Therefore, Defendants alleged failure to produce the original, signed Note to Plaintiff had no effect on the validity of the Note or on Defendants' right to

foreclose.

Finally, as Defendants correctly point out, Plaintiff lacks standing to challenge the securitization process or to allege violations of the pooling and servicing agreement ("PSA") that created the trust because Plaintiff has failed to state any facts to suggests that she was a party to the PSA or that the parties to the PSA intended to benefit her. *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 342 (5th Cir. 2013) (per curiam) (holding that "borrowers, as non-parties to the PSA, 'have no right to enforce its terms unless they are its intended third-party beneficiaries'") (quoting *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 228 (5th Cir. 2013)). Accordingly, dismissal of Plaintiff's declaratory judgment/quiet title claim is appropriate.

B.      *Plaintiff's Breach of Contract Claim*

Having dismissed Plaintiff's claim for declaratory relief and/or to quiet title, the Court next considers Plaintiff's breach of contract claim. In order to state a claim for breach of contract in Texas, Plaintiff must demonstrate: (1) that there was a valid contract; (2) plaintiff performed his or her obligations under the contract; (3) defendant breached the contract; and (4) plaintiff suffered damages as a result of defendant's breach. *Smith Int'l, Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007).

In this case, Plaintiff alleges that Defendants breached the Note and Deed of Trust by failing to release the Deed of Trust after the Note had been paid in full and by converting the loan into securities. Compl. ¶¶ 35–40. Defendants contend that Plaintiff's breach of contract claim must be dismissed because Plaintiff has failed to allege that she fulfilled her contractual obligations under the Note and Deed of Trust, failed to identify any particular provision of the Deed of Trust allegedly violated by Defendants, and because the securitization of the Note did not relieve Plaintiff of her

obligations to make payments under the Note. Mot. to Dismiss 7–9.

Having considered the parties' respective arguments and authorities, the Court concludes that Plaintiff, who is a pro se litigant, has pleaded sufficient facts from which the Court can reasonably infer that the Note and Deed of Trust were valid contracts between Plaintiff and Defendants, *see* Compl. ¶¶ 11–12, 20; Deed of Trust; Plaintiff performed her obligations under these contracts by paying the Note "in full,"[3] *see id.* ¶ 36, and Defendants breached the Deed of Trust by failing to release its interest in the Property after receiving full payment. *See* Deed of Trust ¶ 23 (requiring Defendants to provide a release the Deed of Trust to Plaintiff upon payment of all sums secured by the Deed of Trust). Although the Court is skeptical that Plaintiff will ultimately be able to produce evidence to prove that she paid the Note in full, the Court is compelled to accept her allegation unless clearly implausible.[4] Accordingly, the Court concludes that Plaintiff has stated a plausible claim for breach of contract.

That being said, the Court rejects Plaintiff's theory that Defendants breached the Note and Deed of Trust by converting her mortgage into a security, as Plaintiff has failed to identify (and the Court is unable to find) a provision of the Note or Deed of Trust that specifically forbids such conduct.

C. *Plaintiff's Misrepresentation Claim*

The Court turns, then, to Plaintiff's misrepresentation claim, which from the facts alleged in

---

[3] Contrary to Defendants' contention, Plaintiff does not admit to being in default on her Note in her Complaint.

[4] Unlike Defendants, the Court does not take Plaintiff to assert that "investors" paid her Note in full when they transferred her Note to a pooled security, although the Court agrees with Defendants that such a theory would be implausible if alleged.

Plaintiff's Complaint, appears to be a claim for fraud. To state a claim for fraud in Texas, a plaintiff must allege sufficient facts to show:

> (1) a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the representation was made with the intention that it be acted upon by the other party; (5) the party acted in reliance upon the representation; and (6) the party suffered injury.

*Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 524 (Tex. 1998).

In this case, Plaintiff alleges that Defendants falsely represented to her that they were the owners of the Note and Deed of Trust and thus, that they were entitled to collect payments from Plaintiff. Compl. ¶¶ 41–44. As Defendants correctly observe, however, Plaintiff has failed to plead any facts to show that any of these representations were false when they were made. *See generally id.* Moreover, Plaintiff's claim regarding the veracity of Defendants' representations is directly contradicted by an Appointment of Substitute Trustee form that Plaintiff attached to her Complaint, which reflects an assignment of Plaintiff's mortgage from Bank of America, the originating lender, to Wells Fargo. App., Ex. C – Assignment of Substitute Trustee. Therefore, Plaintiff's misrepresentation/fraud claim must be dismissed.

D.  *Plaintiff's TILA Claim*

Finally, the Court weighs Plaintiff's TILA claim. Plaintiff alleges that Defendants violated § 1641(g) of TILA by failing to provide her with written notice that her loan had been assigned to the subject trust within 30 days of the assignment, which Plaintiff concedes occurred on October 28, 2005.[5] As Defendants astutely point out, however, § 1641(g) was enacted in May 2009, and

---

[5] Plaintiff also suggests that Defendants violation § 1641(f). Compl. ¶ 26. However, this provision merely describes how a mortgage services is treated for purposes of § 1641 and does not impose any

therefore was not in effect when the assignment occurred. *See* Helping Families Save Their Homes Act of 2009, Pub. L. No. 111-22, § 404, 123 Stat. 1632, 1658; *see also Edwards v. Ocwen Loan Servicing, LLC*, No. 9:10-CV-89, 2012 WL 844396, at *8 (E.D. Tex. Mar. 12, 2012); *Johnson v. Deutsche Bank Nat. Trust Co.*, No. CIV.A. H-10-3360, 2010 WL 4962897, at *6 (S.D. Tex. Dec. 1, 2010). Thus, Defendants were under no obligation to provide Plaintiff notice of the assignment and did not violate section 1641(g) by failing to do. Accordingly, Plaintiff's TILA claim fails as a matter of law.

## IV.

## CONCLUSION

For the reasons discussed above, Defendants' Motion to Dismiss is **GRANTED** as to Plaintiff's claim for a declaratory judgment and/or to quiet title, as well as her claims for misrepresentation/fraud and violations of § 1641(g), but **DENIED** as to her claim for breach of contract.

Normally, courts will afford a plaintiff the opportunity to overcome pleading deficiencies, unless it appears certain that such repleading would be futile. *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) ("[A] court ordinarily should not dismiss the complaint except after affording every opportunity for the plaintiff to state a claim upon which relief can be granted."). Since this Order is the Court's first review of Plaintiff's allegations, the Court concludes that Plaintiff should be given the opportunity to replead her claim for a declaratory judgment and/or to quiet title, as well as her claim for fraud. However, the Court believes that it would be futile to allow Plaintiff

---

obligations on Defendants. *See generally* 28 U.S.C. § 1641(f). Thus, it cannot form the basis of a claim for relief.

to replead her claim for a violation of § 1641(g), for this provision was not in effect when Plaintiff's mortgage was assigned to Defendants and thus cannot possibly form the basis of a claim for relief.

If Plaintiff is able to replead and overcome the grounds for dismissal stated herein, she should do so by no later than thirty (30) days from the date of this Order. Further, any repleading shall be accompanied by a synopsis of no more than ten (10) pages, explaining how the amendments overcome the grounds stated for dismissal in this Order. Should Plaintiff replead, Defendants are hereby granted leave to file a response to Plaintiff's synopsis. Any response shall not exceed ten (10) pages and must be filed within fourteen (14) calender days of the repleading. No further briefing will be permitted.

**SO ORDERED.**

**SIGNED: February 17, 2015**.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE