UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CANTON PROPERTY HOLDINGS, § <br> DARRIN C. LAVINE, TRUSTEE, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> BANK OF AMERICA, N.A., § <br> WELLS FARGO BANK, N.A., AS § <br> TRUSTEE FOR THE CERTIFICATE- § <br> HOLDERS OF BANC OF AMERICA § <br> ALTERNATIVE LOAN TRUST § <br> 2005-10, MORTGAGE PASS- § <br> THROUGH CERTIFICATES, SERIES § <br> 2005-10, § <br> § <br> Defendants. § | CIVIL ACTION NO. 3:14-CV-3389-B |

## ORDER DENYING TRUSTEE LEAVE TO PROCEED *PRO SE*

On July 13, 2015, the Court ordered Canton Property Holdings ("Canton"), Darrin C. Lavine as Trustee, to be substituted for Laurel Barrett as the plaintiff in this action. On behalf of Canton, Mr. Lavine now asks the Court for leave to proceed *pro se* under 28 U.S.C. § 1654 as the legal and beneficial interest holder of the property located at 2203 Canton St., Unit #111, Dallas, Texas 75201 (the "Property"), which is the subject of this dispute. Doc. 47. Having considered Mr. Lavine's request, the Court concludes that it is without merit and is hereby **DENIED**.

By statute, parties in federal court "may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. However, while the statute permits individuals to represent themselves or proceed *pro se*, "individuals who do not have a law license may not represent other parties in federal court even on a next friend basis." *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978); *see also*

*Guajardo v. Luna,* 432 F.2d 1324 (5th Cir. 1970) (holding that only licensed lawyers may represent others in federal court). As fictional legal persons, corporations can only be represented by licensed counsel. *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993); *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) (*per curiam*) (citing *Rowland* and *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (*per curiam*)); *Southwest Express Co., Inc. v. Interstate Commerce Commission*, 670 F.2d 53, 54-56 (5th Cir. 1982). "This is so even when the person seeking to represent the corporation is its president and major stockholder." *In re K.M.A., Inc.*, 652 F.2d 398, 399 (5th Cir. 1981) (citation omitted). When a corporation declines to hire counsel to represent it, the court may dismiss its claims if it is a plaintiff, or strike its defenses if it is a defendant. *See Donovan*, 736 F.2d at 1005. "The rationale for prohibiting *pro se* corporate representation also extends to trusts." *U.S. v. Dolenz*, 3:09-CV-13110-O, 2010 WL 428910 (N.D. Tex. Feb. 2, 2010) (citing *Retired Persons Fin. Serv. Clients Restitution Trust v. U.S. Attorney for the Northern District of Texas*, No. 3-03-CV-2658-D, 2004 WL 937170 at *1 (N.D. Tex. Apr. 29, 2004) (collecting cases); *see also Dillard Family Trust v. Chase Home Finance, LLC*, 3:11-CV-1740-L, 2011 WL 6747416, *5 (N.D. Tex. Dec. 23, 2011) (citations omitted) ("a non-attorney trustee may not represent a trust *pro se*.").

According to the articles of organization appended to Mr. Lavine's motion, Canton is joint stock company, of which Mr. Lavine is a trustee.[1] Doc. 47-1 at 1, 11. Along with the other Canton

---

[1] As best the Court can tell, a joint stock company is a type of unincorporated association that has many of the same features and characteristics of a corporation except that its shareholders may be held liable for company debts similar to a partner in a general partnership. *Cameron v. First Nat. Bank*, 23 S.W. 334 (Tex. Civ. App. 1893), *aff'd on reh'g*, 34 S.W. 178 (1896), writ refused.

trustees, Mr. Lavine holds fee simple title to the property at issue in this lawsuit.[2] *Id.* at 1, 9–10. Contrary to Mr. Lavine's contention, however, this does not make him a beneficial interest holder in the Property. Rather, under Canton's articles, Mr. Lavine is responsible for conserving and improving the Property for the benefit of Canton. *Id.* at 1–2. Indeed, the articles expressly provide that "neither the Trustee(s) or officers personally or individually, present or future, have or possess any beneficial interest in the property or assets of said Company . . . ." *Id.* at 3–4.

Because it does not appear that the Mr. Lavine is licensed to practice law in Texas, he may not represent Canton's beneficial interests in this action without legal representation. He must retain legal counsel for this action to proceed on Canton's behalf. If counsel has not entered an appearance on behalf of Canton within **FOURTEEN (14)** days from the date of this order, this case will be dismissed.

**SO ORDERED.**

**SIGNED: August 7, 2015**.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[2] To facilitate the creation of Canton, Laurel Barrett conveyed her interest in the Property to Canton's creator in exchange for ten dollars ($10.00) and a 1,000 shares of stock. *Id.* at 1, 9–10. Upon creation of Canton, the Property was assigned to Canton's trustees in fee simple to conserve and improve for the benefit of the company. *Id.* at 1–2.